■ In the Matter of the Claim of HATTIE ORZELL, Respondent, against STRAIGHT LINE FOUNDRY & MACHINE CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Decedent had worked for many years as a moulder and it is conceded on this record that in the course of his employment he contracted silicosis. The problem presented is whether the silicosis was causally related to his death on June 13, 1949. He had been under medical treatment from December, 1948 to the time of his death; but the last time he was seen by his physician was June 11, two days before his death. There was no autopsy. The death certificate prepared by his physician stated the cause of death as "Prob. Coronary Thrombosis due to Corpulmonale due to silicosis". This physician was not present at the time of death, but if there is in the record substantial evidence of the existence of corpulmonale there is other sufficient evidence both of the causal relationship of the corpulmonale to silicosis on one hand and to the death on the other. An internal medicine and cardiac specialist defined corpulmonale as "a type of heart that develops in some of these cases of chronic pulmonary disease and it refers to enlargement of the right side of the heart out of proportion to the left because the workload has been put on the right". The right side supplies blood to the lungs. There was other testimony that his condition "is associated usually with fibrosis of the lungs". A specialist in chest diseases examined decedent two months before his death. He found from X-ray examination of the chest "extensive fibrosis and nodulation". He expressed the unequivocal view that the decedent "has silicosis and corpulmonale". X-ray examinations made in December, 1948 when his medical treatment began, showed pulmonary fibrosis and silicosis. There is additional medical opinion based on the history and the diagnosis that had been made, that the fibrosis of the lungs had caused changes in the heart and had contributed to his death; and there is opinion by the physician who was treating him that he had a heart condition related to the fibrosis in the lungs and that this contributed to his death. In our view there is substantial medical proof to sustain the decision. Award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.